**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Roger M. Scoby (2017-0408154),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 21 C 5742** |
| **v.** | ) | |
| | ) | **Hon. Rebecca R. Pallmeyer** |
| **Thomas Tate and John Hadjioannou,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The court grants Defendants' motion for summary judgment [51] and directs the Clerk to terminate Plaintiff's "motion to deny summary judgment" [64] on the docket because it is a response to Defendants' motion, not a motion. Final judgment shall enter. This case is closed.

## STATEMENT

Plaintiff Roger Scoby is detained at the Cook County Jail on a host of criminal charges stemming from the alleged murder of two elderly Berwyn residents in March of 2017. (Defs. Statement of Facts (DSOF) [53] at ¶ 1.) Scoby alleges in this lawsuit that Defendants, Detectives Thomas Tate and John Hadjioannou, violated his civil rights by obtaining access to his historical cell site location information ("CSLI") without a warrant. Defendants contend that Scoby's lawsuit, filed in October 2021, is untimely, because Scoby must have known about the violation more than two years before he filed this case. They argues that the claim accrued no later than September 13, 2019, when Scoby's criminal defense attorney filed a motion to suppress that evidence and presented the motion at a state court hearing ("Original Motion to Suppress"). *Id.*, ¶ 2. But Scoby has alleged from the inception of this case that he did not learn about the violation of his rights until November 22, 2019, when his attorney filed an amended motion to suppress. *See* Compl. [1], pg. 4; Amd. Compl. [6], pg. 6. If Defendants are correct about the original motion, Scoby's related § 1983 claim is untimely. This court has stayed resolution of the merits of Scoby's claim pending the outcome of the criminal case, but Defendants to litigate the threshold issue of timeliness. This court denied Defendants' first motion for summary judgment on this basis without prejudice. (Order [48].) In support of their renewed motion, Defendants have presented a transcript of the September 13, 2019 state court hearing, when the presiding judge and counsel discussed the original motion to suppress in Scoby's presence. As explained here, the court concludes on the basis of this record that the motion must be granted.

### A. Northern District of Illinois Local Rule 56.1

Because Scoby is proceeding *pro se*, Detectives Tate and Hadjioannou served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [56] as required by Northern District of Illinois Local Rule 56.2. As the notice explains, Local Rule 56.1 requires that a party moving for summary judgment must provide a statement of material facts and a supporting memorandum of law. LR 56.1(a)(1), (2) (N.D. Ill.). The statement of material facts "must consist of concise numbered paragraphs[,]" and "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it." LR 56.1(d)(1), (2). The party opposing summary judgment must submit a supporting memorandum

of law and a response to the moving party's statement of facts, in which the non-moving party may admit, dispute, or admit in part and dispute in part the movant's facts. LR 56.1(b)(1), (2); LR 56.1(e)(2). To dispute an asserted fact, the opposing party "must cite specific evidentiary material that controverts the fact" and explain "how the cited material controverts the asserted fact." LR 56.1(e)(3). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). The opposing party may also submit "a statement of additional material facts that complies with LR 56.1(d) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement or LR 56.1(b)(2) response." LR 56.1(b)(3). The court is free to disregard any factual assertion that is not supported by a citation to record evidence. LR 56.1(d)(2).

Defendants have filed a twelve-paragraph statement of facts in support of their motion for summary judgment, properly supported by portions of the record. (DSOF [53].) In response, Scoby filed a "motion to deny summary judgment," a supporting memorandum, and a four-paragraph statement of additional material facts with no citations to the record, basically tracking the arguments he made earlier about what happened at the September 13, 2019 hearing; he did not otherwise respond to Defendants' facts. (Scoby's Motion [64], Memorandum of Law [64] and Statement of Facts [66].

An inmate-plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See*, *e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("[E]ven pro se litigants must follow procedural rules."). Pursuant to Local Rule 56.1(e)(3), Defendants' facts are thus deemed admitted as they have not been "controverted with specific citations to evidentiary material," and pursuant to Local Rule 56.1(d)(2), the court will disregard Scoby's facts because they are not properly supported. The court will nevertheless consider Scoby's assertions about matters within his personal knowledge. *See* FED. R. EVID. 602 (a lay witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

### B. Facts

Record materials submitted by Defendants in this case confirm that Scoby's defense attorney presented a motion to suppress the CSLI evidence in September 2019. That motion to suppress explained what CSLI is and how the technology works, and extensively argued that the warrantless acquisition of Scoby's CSLI violated his rights under the Fourth Amendment. *Id*., at ¶ 3. Specifically, in the Original Motion to Suppress, counsel argued that the warrantless acquisition of Scoby's CSLI was an unreasonable search and seizure under the Fourth Amendment and that the Berwyn Police Department violated his Fourth Amendment rights when they obtained his CSLI without a warrant. *Id*., at ¶ 4.

The state court judge and parties discussed the Original Motion to Suppress during a September 13, 2019 hearing in Scoby's criminal case; Scoby was present in person. ¶¶ 5-6. The official transcript of proceedings, which Defendants submitted, is a proper subject of judicial notice. *See Williams v. Vasquez*, 62 Fed. App'x 686, 692 (7th Cir. 2003) ("[A]long with other courts, we have recognized that transcripts of testimony may be considered in support of, or opposition to, a motion for summary judgment."); *Lietzow v. Vill. of Huntley*, No. 17 CV 05291, 2023 WL 2954989, at *3 (N.D. Ill. Apr. 14, 2023) ("Courts may rely on sworn testimony given in prior judicial proceedings in resolving summary judgment motions, even if the testimony is offered for the truth of the matter asserted and would otherwise be considered hearsay.").

Because the parties' arguments rest on the September 13, 2019 hearing, the court reproduces the transcript of proceedings in its entirety:

THE COURT: Roger Scoby.

(No response)

THE SHERIFF: He's not here yet.

THE COURT: Okay. We'll pass it.

(Whereupon the case was passed and later recalled)

THE COURT: Roger Scoby.

THE SHERIFF: Prisoner. Coming out.

MS. GUIDINO: Your Honor, Assistant State's Attorney Ruth Gudino for Leanna Miechlich, on behalf of the People.

MS. BRAUCKMAN: Heather Brauckman and Theodore Thomas on behalf of Mr. Scoby.

THE COURT: Okay. Public defender's officer are filing what is called a motion to suppress illegally seized evidence. And it's basically historical cite [sic] information.

MS. GUIDINO: Your Honor, I'm asking for a by-agreement date to October 22nd for our response.

THE COURT: For your response?

MS. GUIDINO: If any.

THE COURT: By agreement, 10-22-19. So let me ask you this; if you don't have a response or not going to put a response in writing on that day—

MS. GUIDINO: There will be another motion, probably.

MR. THOMAS: Depending on what the response is, Judge, we might be able to argue. I just need to know ahead of time. There will be a subsequent motion if they're not going to use the historical data. There will be an additional motion after that.

THE COURT: The one thing I know for sure is this will be to 10-22.

MS. BRAUCKMAN: Thank you.

DSOF, Ex. 3.

On November 22, 2019, Scoby's attorney filed an Amended Motion to Suppress. DSOF at ¶ 7. The Clerk received Scoby's original § 1983 complaint in this court, which was dated October 4, 2021, a little less than two years later on October 27, 2021. *Id*., at ¶¶ 8-9. In the complaint and in his memorandum opposing summary judgment, Scoby asserts that he first became aware that law enforcement had obtained his CSLI on November 22, 2019, via the Amended Motion to Suppress. *Id*., at ¶ 10; Dkt. 65, pg. 5. Scoby repeated this allegation in his amended complaint [6]. DSOF, at ¶ 11.

## DISCUSSION

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

A two-year statute of limitations governs § 1983 civil rights claims in Illinois. *Herrera v. Cleveland*, 8 F.4th 493, 495 n.2 (7th Cir. 2021) (citing 735 Ill. Comp. Stat. § 5/13-202). A claim based on a purportedly unlawful search and seizure accrues (in other words, comes into being) "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (quoting *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)); *see also Wallace v. Kato*, 549 U.S. 384, 388-91 (2007).

Defendants argue that Scoby knew or should have known about the use of his CSLI on September 13, 2019, as he was present in open court when the court and parties referred to the Original Motion to Suppress. *See* [52]. Scoby denies that his attorneys discussed the Original Motion to Suppress with him prior to the September 13, 2019 hearing, asserts that the transcript only "briefly mentions data and cite which is extremely vague and ambiguous," and claims that when he "heard 'data' briefly mention[ed]," he assumed it meant "ATM's or Bank card, license plate reader for speed camera that Chicago have a lot of, or [his] DNA." (Plaintiff's Memorandum [65], pgs. 3-6.) He also contends that his previous attorney told him that "Berwyn Police did track his movement on the tollroad in 2017" and says that "CSLI was still fairly new to the General Public in 2017, so tracking cell phones never cross[ed his] mind and Attorney didn't mention it." *Id*., pgs. 6-7.

As noted above, the court will consider Scoby's submission to the extent that it addresses matters within his personal knowledge. In his memorandum, Scoby abandons his position that his attorney did not discuss any motions with him prior to the September 13, 2019, and asserts that his "Attorney talked to him about filing a motion in general, however the Attorney did not specifically say which motion." (Plaintiff's Statement [66], pg. 2.) He then again claims that he did not "receive, review, or approve any motion, besides just [his] presence in the court room with hands behind his back." *Id*., pgs. 2-3. He concludes by asserting that his attorney, the prosecutor, and judge were "the only ones talking, during that talk, cell phone, cell site, or CSLI was not mention. Plaintiff did hear data and cite, which is very vague." *Id*., pg. 3.

As an initial matter, the court notes that in Illinois, the general rule is that "knowledge of an attorney is knowledge of, or imputed to[,] the client, notwithstanding whether the attorney has actually communicated such knowledge to the client." *Segal v. Dep't of Ins.,* 404 Ill. App. 3d 998,

1002, 938 N.E. 2d 192, 196 (1st Dist. 2010) (citations omitted); *see also Lopez-Betancourt v. Loyola Univ. Chicago Stritch Sch. of Med.*, No. 16-CV-11565, 2019 WL 4166867, at *6 (N.D. Ill. Sept. 3, 2019) (collecting cases holding that "a lawyer's knowledge of facts binds his or her client for statute of limitations purposes"). The court has, on its own considered whether this rule applies in the context of state court criminal proceedings. If so, defense counsel's knowledge would be imputed to Scoby (in other words, Scoby would legally be presumed to know about the use of CSLI when his lawyers knew about it, regardless of whether his lawyers discussed this issue with him).

Illinois courts do apply the rule in the criminal context. *Cf. People v. Ramirez*, 214 Ill.2d 176, 181-84, 824 N.E.2d 232, 236-38 (Ill. 2005) (declining to impute defense counsel's knowledge of date for trial *in absentia* that was set outside of defendant's presence because a state statute requiring the clerk to notify the defendant of the date by certified mail created a mandatory notice requirement that did not otherwise exist); *People v. Tate*, 2016 IL App (1st) 140598 ¶ 16, 89 N.E.3d 766, 772 (1st Dist. 2017) (concluding that assistant public defender did not know which judge had been assigned so no knowledge could be imputed to defendant). Given his imputed knowledge, Scoby's § 1983 claim is untimely as a matter of law.

Significantly, in this case, the court would reach the same conclusion even if Scoby's attorneys' knowledge were not imputed to him. First, Scoby cannot create a disputed issue of fact by claiming that no one mentioned CSLI at the hearing, for two reasons: (1) the transcript reflects that the state court judge described the motion his attorneys had filed as "what is called a motion to suppress illegally seized evidence. And it's basically historical cite [sic] information" and (2) one of his attorneys announced that he would file "a subsequent motion if [the prosecutor was] not going to use the historical data." Scoby correctly notes that no one referred to his cell site location information using the abbreviation C-S-L-I. But that is beside the point, as both the judge and Scoby's attorney referred to this information by its name. *See Braswell v. Corley*, No. 311–CV–1565 (MPS), 2015 WL 575145, at *10 (D. Conn. Feb. 11, 2015) (declining to accept detainee's description of a colloquy with the judge presiding over his state court criminal case because no reasonable juror could accept it given "an official transcript that sets forth a clear version of this colloquy") (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)); *Nieto v. City & Cnty. of San Francisco*, No. 14-CV-03823 NC, 2015 WL 7180609, at *3 (N.D. Cal. Nov. 16, 2015) (holding that an official court transcript "is analogous to the videotape in *Scott*").

Second, Scoby emphasizes that his lawyers did not show the Original Motion to Suppress to him or discuss the basis of that motion with him prior to the September 13, 2019 hearing. As discussed above, actual knowledge is not necessary. In any event, the discussion with counsel that Scoby contends did not happen is not the only way that Scoby could have personally learned about the use of his CSLI. The hearing on September 13, 2019, when he was present in open court, is another way.

Finally, in his memorandum in response to Defendants' motion Scoby claims that he thought the reference to "data and cite" referred to an ATM, bank card, speed camera license plate reader, or his DNA; but in that same document, he reports that one of his attorneys told him that police had "track[ed] his movement on the tollroad in 2017," and that he therefore assumed this was what the court and his lawyers were discussing. (Plaintiff's Memorandum [65], at 5, 6.) Though he understood that police had tracked his movements, he nevertheless asserts that "tracking cell phones never cross[ed his] mind" during the hearing because "CSLI was still fairly new to the General Public in 2017." (*Id.* at 7.) These all boil down to a claim that Scoby subjectively did not understand the colloquy on September 13, 2019.

Again, actual knowledge is not necessary. Scoby's lawyers' knowledge is imputed to him. But even setting this aside, in Illinois, the discovery rule delays the running of the statute of limitations only until a reasonable person knew or reasonably should have known of his injury.[1] *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002); *Schwigen v. Brighthouse Life Ins. Co.*, No. 4 21 CV 04164 SLDJEH, 2022 WL 15047296, at *8 (C.D. Ill. Sept. 28, 2022) (collecting cases). So long as a plaintiff knows basic information about his injury, the discovery rule does not delay the accrual of his claim even if the plaintiff is "unaware that the defendants' conduct was illegal." *Koch v. Gregory*, 536 Fed. App'x 659, 660 (7th Cir. 2013) ("The accrual date is not delayed just because the plaintiff is ignorant of his legal rights."); *see also Orso v. Bayer Corp.*, No. 04 C 0114, 2009 WL 249235, at *6 (N.D. Ill. Feb. 2, 2009) (rejecting plaintiff's attempt to avoid summary judgment by claiming "she did not know of her precise legal cause of action" within the limitations period because she was on "inquiry notice" since she was aware of the basic facts underlying her claim).

Scoby has offered a variety of possible interpretations of the colloquy on September 13, 2019. Whatever the interpretation, however, that colloquy placed him on notice of a possible claim. Thus, even if the court considers when he can personally be charged with notice (which it need not do), the statute of limitations began to run, at the latest, on September 13, 2019. Even giving Scoby the benefit of the date that he signed his original complaint—October 4, 2021—this is an additional reason to find that this lawsuit is untimely. Accordingly, Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' motion for summary judgment [51] is granted. The Clerk is directed to terminate Scoby's "motion to deny summary judgment" [64] on the docket because it is a response to Defendants' motion, not a motion. Final judgment shall enter.

If Scoby wants to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Although Scoby paid the district court filing fee, if he seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court (not the appellate court) specifying the issues he wants to raise on appeal. *See* FED. R. APP. P. 24(a)(1). Scoby should be aware that if he appeals, the $505 appellate filing fee obligation will follow him until it is paid in full, even if he is transferred to another facility.

ENTER:

Date: August 24, 2023

REBECCA R. PALLMEYER
United States District Judge

[1] While Illinois' two-year statute of limitations governs Scoby's § 1983 claim, federal law governs when that claim accrued. *Wallace*, 549 U.S. at 388.